**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 98-30679
Summary Calendar

PERCY J. FRANK, Individually and
as administrator on behalf of
Wesley Frank Estate;  LASHONDA FRANK,

Plaintiffs-Appellants,

versus

VISTA CHEMICAL COMPANY,
also known as Condea Vista Co.;
POLICE JURY OF CALCASIEU PARISH,

Defendants-Appellees.

Appeal from United States District Court
for the Western District of Louisiana
(USDC No. 97-CV-1645)

April 28, 1999

Before KING, Chief Judge, BARKSDALE and STEWART, Circuit Judges.

PER CURIAM:[*]

Percy J. Frank ("Frank"), in a determined effort to prevent his tort claims against Vista

Chemical Company ("Vista") from being removed to federal court, appeals the district court's denial

of his motion to remand the proceedings to Louisiana state court.  For the reasons discussed below,

we affirm the judgment of the district court and remand the case for resolution of these state-law

claims.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On March 10, 1995, Frank was driving on VCM Plant Road in Mossville, Louisiana, when he experienced car trouble and pulled to the side of the road to attempt repairs. Around the same time, toxic chemicals were allegedly released from Vista's nearby facility. Frank was exposed to the chemicals and suffered allegedly serious injuries to his respiratory and central nervous systems.

On March 4, 1996, Frank filed this action in Louisiana state court on behalf of himself and his children against Vista and the Calcasieu Parish Police Jury ("CPPJ"). At the end of his petition, Frank affixed a note to the clerk of court stating "Please withhold service at this time." Well over a year later, Frank contacted the clerk's office and directed that service on Vista be effected. Vista was served on July 21, 1997. On August 20, 1997, Vista removed the action to federal court on grounds of diversity of citizenship. See 28 U.S.C. § 1332.

Frank objected to removal and filed a motion to remand to state court, arguing that Vista's notice of removal was untimely under 28 U.S.C. § 1446(b) because it was (1) effected more than one year after the commencement of the action in state court, and (2) improper because complete diversity did not exist between the parties. On October 23, 1997, the district court denied the motion to remand, and Frank appealed.

## DISCUSSION

### *Standard of Review*

The district court determined that Vista met its burden of establishing federal jurisdiction for removal purposes, and we review that decision de novo.[1] See Winters v. Diamond Shamrock

---

[1] Although Vista has not contested our appellate jurisdiction, we note *sua sponte* that we have jurisdiction over this matter. While the denial of a motion to remand is normally not appealable, see Burden v. General Dynamics Corp., 60 F.3d 213, 216 (5th Cir. 1995), a refusal to remand is

Chemical Co., 149 F.3d 387, 397 (5ᵗʰ Cir. 1998); Sherrod v. American Airlines, Inc., 132 F.3d 1112, 1117 (5ᵗʰ Cir.1998). This standard of review applies even where the district court made certain findings of fact in denying the motion to remand. See Winters, 149 F.3d at 397; Vasquez v. Alto Bonito Gravel Plant Corp., 56 F.3d 689, 692 (5ᵗʰ Cir.1995).

*The Fraudulent Joinder Claim*

Before discussing the timeliness of Vista's removal, we will address the propriety of the removal by determining whether diversity existed between the parties. Frank argues that Vista cannot remove the action because Frank and CPPJ are not diverse. Vista would have us hold, however, that Frank fraudulently joined CPPJ in order to block removal to federal court. We agree that CPPJ was fraudulently joined in this action.

The burden of proving that the federal court to which an action has been removed has jurisdiction rests with the removing party. See Winters, 149 F.3d at 397 (citations omitted). If jurisdiction is alleged on the basis that non-diverse parties have been fraudulently joined to an action to defeat diversity, then the removing party must demonstrate either outright fraud in the plaintiff's recitation of jurisdictional facts or that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court. See Rogers v. Hartford Accident & Indem. Co., 133 F.3d 309, 315 (5ᵗʰ Cir. 1998); Rodriguez v. Sabatino, 120 F.3d 589, 591 (5ᵗʰ Cir. 1997) (citations and internal quotations omitted). In determining whether joinder has been fraudulent, we must evaluate all factual allegations and resolve all contested factual issues in favor of the plaintiff. See Rogers, 133 F.3d at 315; Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd., 99 F.3d 746, 751 (5ᵗʰ Cir. 1996). Fraudulent joinder has not occurred where any reasonable basis exists upon which state law might impose liability under the alleged facts. See id. The reviewing court may "pierce the pleadings" and consider summary judgment-type evidence such

appealable where the district court has granted a final partial judgment pursuant to Federal Rule of Civil Procedure 54(b). See id. at 215-16; Ford v. Elsbury, 32 F.3d 931, 935 & n.5 (5ᵗʰ Cir. 1994). Here, the district court entered final judgment for the non-diverse defendant, CPPJ, and certified the judgment for appeal under Rule 54(b). Thus, our review of the denial of the motion to remand is proper.

3

as affidavits and depositions in reaching this conclusion. See Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 263 (5th Cir. 1995) (citations omitted).

Obviously, Vista bears a heavy burden in invoking the removal jurisdiction of a federal court. See Rodriguez, 120 F.3d at 591. We nonetheless believe that Vista has met the requirements, both for removing the action and for demonstrating fraudulent joinder. Frank urges that CPPJ was negligent in that it should have either placed a sign next to the road he traveled on warning of the possible release of chemicals or operated and maintained a warning system of some sort. We find that Frank's argument is without merit and that he would be entirely unable to establish a cause of action against CPPJ in Louisiana state court.

Louisiana law provides that "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." LA. CIV. CODE ANN. art. 2315 (West 1999). For CPPJ to be found at fault under this provision, a Louisiana court would apply a duty-risk analysis in which Frank would have to demonstrate that CPPJ owed him a duty imposed on it by a general rule of law to protect Frank from this type of harm arising in this manner; that it breached that duty; and that its conduct was a cause-in-fact of Frank's injury. See Dupre v. Chevron U.S.A., Inc., 20 F.3d 154, 156-57 (5th Cir. 1994); Daye v. General Motors Corp., 720 So.2d 654, 659 (La. 1998). Failure to establish any one of these elements precludes CPPJ's liability. See Mathieu v. Imperial Toy Corp., 646 So.2d 318, 322 (La. 1994). Whether a duty exists is a question of law. See Boykin v. Louisiana Transit Co., 707 So.2d 1225, 1231 (La. 1998).

Vista has amply demonstrated that Frank has no possibility of establishing a claim of negligence against CPPJ; indeed, Frank cannot establish any of the elements of Article 2315, let alone the entire cause of action. While parish governments have a generalized duty to warn motorists of hazardous road conditions, see LA. REV. STAT. ANN. § 32:235(B) (West 1999), CPPJ had no duty to erect warning signs or implement a warning system to alert motorists of emissions from Vista's facilities. A duty extends only to hazards that are reasonably expected at the time of their occurrence, and a governmental entity will only be held liable for breaching that duty where it had sufficient time

4

to warn motorists.  See Lewis v. State ex rel. Department of Transportation & Development, 654 So.2d 311, 315 (La. 1995); Hasha v. Calcasieu Parish Police Jury, 651 So.2d 865, 872 (La. Ct. App. 1995).  The most common instances of such a duty involve icy road or bridge conditions; Louisiana courts have found that no governmental duty exists where a plaintiff alleges a failure to post warning signs regarding a third party's negligent actions.  See, e.g., Bijeaux v. State ex rel. Department of Transportation & Development, 702 So.2d 1088, 1092 (La. Ct. App. 1997) (holding that state did not have legal duty to provide warning signs concerning dangerous road conditions at points of ingress and egress of sugarcane operations); Tubre v. State ex rel. Department of Transportation & Development, 693 So.2d 1190, 1192-93 (La. Ct. App. 1997) (finding that, absent actual or constructive knowledge of high deer population in area surrounding highway, state had no duty to warn motorists of deer population); Miller v. Bailey, 621 So.2d 1174, 1183 (La. Ct. App. 1993) (finding no duty to post "No Parking" signs on portion of highway where vehicle-pedestrian accident occurred even though shoulders were narrow and motorists parked on both sides of highway); Gauthier v. Southern Farm Bureau Cas. Ins. Co., 422 So.2d 627, 628 (La. Ct. App. 1982) (finding no duty to post livestock warning signs where parish ordinance clearly stated that cattle were forbidden on highway).  In other words, where a condition is either proscribed by law or not within the government's direct control, no liability will attach.

Additionally, two other factors obviate against finding liability on the part of CPPJ.  First, only thirty-six minutes elapsed between the time CPPJ was notified of the chemical release and the time the "all clear" was given by Vista.  Under no circumstances that we can conceive could thirty-six minutes constitute a reasonable time for CPPJ to post warnings to motorists traveling near Vista's facility.  Second, Vista voluntarily maintains its own warning system; the system was neither installed nor maintained by CPPJ.  Consequently, CPPJ could have no duty to duplicate the warning system or to ensure that the voluntary systems operated adequately and effectively.  We are convinced that a Louisiana court would decline to find that a governmental entity could be held negligent for failing to warn the public about possible dangers created by private individuals or corporations.

5

As Vista, and the district court below, observe, imposing a duty on CPPJ in this case would be unwieldy in practice, for it would be impossible to state where such a duty to warn would end. Under Frank's rationale, CPPJ and other governmental entities would be exposed to liability for failure to warn any time a train or tractor trailer carrying hazardous materials spilled its cargo. We will not impose such a duty, and we believe that there is no reasonable argument that a Louisiana court would either. Accordingly, with no possibility that CPPJ can be held liable for Frank's injuries, we find that CPPJ was fraudulently joined to this action to defeat diversity. We hold that complete diversity exists between Frank and Vista.

*The Timeliness of Vista's Removal*

Frank argues that Vista's notice of removal was untimely because it was filed more than one year from the date of filing. Although we agree that the commencement of an action, for purposes of removal under 28 U.S.C. § 1446(b), is indeed equivalent to the time of filing, we agree with the district court that the one-year limitation is inapplicable in the instant case.

Because CPPJ was fraudulently joined, the case was properly removable at the time the original petition was filed. The plain language of § 1446(b) reveals that the one-year limitation applies solely to cases which were *not* initially removable.[2] See § 1446(b). The instant dispute is thus

___

[2] Section 1446(b) reads:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than one year after commencement of the action.

28 U.S.C. § 1446(b).

6

governed by the first paragraph of § 1446(b), which provides that removal is proper within thirty days of service of process; the one-year limitation is contained in the second paragraph of § 1446(b) and applies only to those cases which *later become* removable.  See New York Life Ins. Co. v. Deshotel, 142 F.3d 873, 886 (5th Cir. 1998) (observing that district courts have conflicting views of this statute but establishing this interpretation as Fifth Circuit precedent).  We thus find that Vista's removal, effected within thirty days after receipt of Frank's petition, was proper.

## CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court and REMAND for further proceedings consistent with this opinion.